```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION


LONNIE WADE CARNEY,              §
TDCJ-CID #656426,                §
                                 §
            Petitioner,          §
                                 §
v.                               §    CIVIL ACTION NO. H-05-3157
                                 §
DOUG DRETKE,                     §
                                 §
            Respondent.          §
```

**MEMORANDUM OPINION AND ORDER**

Pending before this court is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed by Lonnie Wade Carney, an inmate of the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID). After reviewing the pleadings and available state court records, the court will dismiss Carney's habeas petition because it is untimely under the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996. 28 U.S.C. § 2244(d).

**I.   Procedural History and Claims**

A jury found Carney guilty as a party to aggravated kidnaping and sentenced him to seventy-five years in the TDCJ-CID. State v. Carney, No. 588712 (182nd Dist. Ct., Harris County, Tex., January 21, 1993). Carney filed an appeal after the conviction;

the Court of Appeals for the Fourteenth Judicial District of Texas affirmed the trial court's judgment.  Carney v. State, No. 14-93-00091-CR, 1995 WL 397027 (Tex. App. -- Hous. [14th Dist.] July 6, 1995).  Carney then filed a petition for discretionary review (PDR).  The Texas Court of Criminal Appeals refused the PDR on December 6, 1995.  Carney v. State, No. 1163-95.  No petition for writ of certiorari was filed regarding the direct appeal.

On July 12, 2001, Carney filed a state application for a writ of habeas corpus challenging the conviction.  The application was forwarded to the Court of Criminal Appeals, which denied it without a written order on March 10, 2004.  Ex parte Carney, No. WR-56,805-02.  See also Texas Court of Criminal Appeals Website (http://www.cca.courts.state.tx.us/).  Carney then filed a petition for a writ of certiorari, which the United States Supreme Court denied on October 4, 2004.

The pending federal petition is considered filed on August 24, 2005, the date of Carney's signature and the earliest possible date he could have given the petition to a TDCJ-CID official for delivery to the Clerk of this Court.  Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998).

Carney raises the following claims:

1. Defense counsel was ineffective in failing to investigate the facts of the case and failing to produce one witness who would have testified that

-2-

      the victim was alive after the time that she was reported to have died, and

2.    defense counsel was ineffective in failing to present exculpatory evidence that would have established Carney's innocence.

## II.   **One-Year Statute of Limitations**

Carney's federal habeas petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provisions, which restrict the time in which a state conviction may be challenged because the petition was filed after April 24, 1996, the date the AEDPA was enacted. <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

>    the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

The court is authorized to make a determination regarding timeliness of the petition before ordering the State to use its limited resources to answer it.  See Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999).

Because Carney challenges the validity of a state court judgment, his challenge is subject to the time limit set out under § 2244(d)(1)(A).  The state court records indicate that the conviction became final on March 5, 1996, the last day that Carney could have filed a petition for a writ of certiorari.  SUP. CT. R. 13.1 (West 1996); Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (habeas petitioner's state conviction became final 90 days after the Court of Criminal Appeals denied his PDR).

Carney is entitled to a one-year grace period (April 24, 1996, to April 23, 1997) because his conviction became final before the AEDPA was enacted.  See Flanagan, 154 F.3d at 200 n.2.  His state habeas application was filed on July 12, 2001, more than four years

after the grace period expired. Therefore, any subsequent federal habeas application would be untimely. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application filed after the expiration of the one-year time limit did not toll the period).

Carney's current federal habeas petition was filed on August 24, 2005, approximately eight years and four months after the expiration of the grace period. Carney has not shown that he was subject to any state action that impeded him from timely filing his federal habeas petition. 28 U.S.C. § 2244(d)(1)(B). There is no showing of a newly recognized constitutional right upon which Carney's petition is based; nor is there a factual predicate of the claims that could not have been discovered before the challenged conviction became final. 28 U.S.C. § 2244(d)(1)(C), (D). Therefore, this action is subject to dismissal because it was filed more than one year after the convictions became final. 28 U.S.C. § 2244(d)(1)(A).

### III. Certificate of Appealability

A certificate of appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beasley, at 263, quoting Slack, 120 S.Ct. at 1604; see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The court has determined that Carney has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable. Therefore, a certificate of appealability from this decision will not be issued.

## IV.  Conclusion

Accordingly, the court **ORDERS** the following:

1. The Petition for Writ of Habeas Corpus is **DISMISSED with prejudice**. 28 U.S.C. § 2244(d).

2.  The Motion for Leave to File a Petition for Writ of Habeas Corpus (Docket Entry No. 2) is **DENIED**.

3.  A certificate of appealability is **DENIED**.

4.  The Clerk will provide a copy of this Memorandum Opinion and Order dismissing this action to the petitioner, and will provide a copy of the petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 10th day of November, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE